IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,619

In the Matter of R. JACOB JOHNSON,
*Respondent.*

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed May 6, 2022. Published censure.

*Julia A. Hart,* Deputy Disciplinary Administrator, argued the cause, and *W. Thomas Stratton Jr.,* Interim Disciplinary Administrator, was with her on the formal complaint for the petitioner.

*John J. Ambrosio,* of Morris, Laing, Evans, Brock & Kennedy, Chtd., of Topeka, argued the cause, and *R. Jacob Johnson*, respondent, argued the cause pro se.

PER CURIAM:  This is an attorney discipline proceeding against R. Jacob Johnson, of Wichita. Johnson received his license to practice law in Kansas on September 28, 2007. Johnson is also licensed in Missouri on inactive status, admitted in 2008 and in Colorado on active status, admitted in 2010.

On September 20, 2021, the Disciplinary Administrator's office filed a formal complaint against Johnson alleging violations of the Kansas Rules of Professional Conduct (KRPC). The complaint was filed after Johnson advised the Disciplinary Administrator's office of a Stipulation, Agreement and Affidavit Containing the Respondent's Conditional Admission of Misconduct (joint stipulation) filed with the Colorado Office of Attorney Regulation Counsel. In the joint stipulation Johnson agreed he had engaged in conduct that constituted grounds for disciplinary actions pursuant to

1

the Colorado Rules of Attorney Discipline and he had violated Colorado Rules of Professional Conduct, Rule 8.4(b).

Johnson filed a timely answer to the formal complaint and cooperated with the investigation. On November 2, 2021, the parties entered into a summary submission agreement under Kansas Supreme Court Rule 223 (2022 Kan. S. Ct. R. at 277). In the summary submission agreement, the Disciplinary Administrator and Johnson stipulated and agreed that Johnson violated:

- KRPC 8.4(b) (2022 Kan. S. Ct. R. at 434) (commit a criminal act); and
- Kansas Supreme Court Rule 221 (2022 Kan. S. Ct. R. at 276) (discipline imposed in another jurisdiction—duty to report).

Before us, the parties jointly recommend censure and such censure be published in the Kansas Reports.

FACTUAL AND PROCEDURAL BACKGROUND

We quote the relevant portions of the parties' summary submission below.

"*Findings of Fact.* Petitioner and Respondent stipulate and agree that Respondent engaged in the misconduct alleged in the Formal Complaint filed on September 20, 2021, as follows:

. . . .

"4.    On December 23, 2019, respondent notified the Kansas Office of the Disciplinary Administrator ('ODA'), by self-report, that he had entered

2

into a deferred judgment agreement on a conviction of misdemeanor assault in Douglas County, Colorado.

"5.     On this same date, respondent notified the ODA that he had reported this deferred judgement to the Colorado Office of Attorney Regulation and was cooperating with that investigation.

"6.     Also on December 23, 2019, respondent notified the Missouri Office of Chief Disciplinary Counsel by self-report that he had entered into the deferred judgment agreement.

"7.     On June 26, 2020, the Colorado Office of Attorney Regulation Counsel and respondent entered a joint 'Stipulation, Agreement and Affidavit Containing the Respondent's Conditional Admission of Misconduct' ('joint stipulation').

"8.     On June 30, 2020, the Colorado Supreme Court filed an 'Order Approving Amended Conditional Admission of Conduct and Imposing Sanctions under C.R.C.P. 251.22,' regarding respondent's Colorado attorney discipline case.

"9.     On April 1, 2021, the Missouri Office of Chief Disciplinary Counsel, in accordance with Missouri Supreme Court Rule 5.1(b), issued a written admonition to the respondent, regarding his conduct and attorney discipline in Colorado.

"10.     Respondent notified the ODA by self-report of the above discipline from Missouri on September 16, 2021.

"11.     The Colorado Office of Attorney Regulation Counsel joint stipulation that respondent entered into contained the following material facts:

3

"a.  On November 17, 2019, Respondent consumed alcohol at two different times. First, he consumed alcohol while watching a football game. Later, Respondent went to a restaurant to get food for his family. While at the restaurant, Respondent consumed alcohol while watching another football game.

"b.  When Respondent arrived home, Respondent and his wife got into an argument. The argument turned physical and Respondent grabbed his wife around the neck. Respondent then pushed her back, causing her head to strike the wall. Their three-week-old child was in immediate proximity at the time.

"c.  The altercation occurred very suddenly and was over very quickly when Respondent left the house.

"d.  Respondent's wife called the police, which arrived shortly after the altercation had ended. A deputy with the Douglas County Sheriff's Office arrested Respondent.

"e.  Respondent was charged with assault in the third degree as an act of domestic violence and child abuse in Douglas County case number 19M2576. The child abuse charge was later dismissed.

"f.  On November 27, 2019, Respondent entered into a guilty plea to assault in the third degree, as an act of domestic violence, as a part of an 18-month deferred judgement and sentence. The agreement involved supervised probation and the possibility of early termination after twelve months.

4

Respondent was required to complete an alcohol and domestic violence evaluation.

"g. Respondent timely self-reported his conviction to the Office of the Attorney Regulation Counsel.

"h. Respondent and his wife were under considerable stress at the time because they were caring for a newborn child with significant health issues and were not getting much sleep, which resulted in Respondent's wife wanting Respondent to be home as much as possible to help take care of their children.

"i. Respondent states he has not consumed alcohol since November 17, 2019.

"j. Respondent has completed random UA's as part of his probation, has participated in domestic violence classes, and is in compliance with his criminal probation.

"k. Respondent has met with Dr. Emrick numerous times since November 17, 2019. Dr. Emerick issued a detailed report which recommends, *inter alia,* that Respondent complete his probation and maintain a total abstinence from alcohol through his period of criminal probation.

"l. Respondent is remorseful for his conduct.

"12. In the joint stipulation respondent agreed with the Colorado Office of Attorney Regulation that he engaged in conduct which constituted grounds for discipline pursuant to Colorado Rules of Attorney

5

Discipline. He also agreed he was [in] violation [of] Colorado Rules of Professional Conduct, 8.4(b).

"13.    In the joint stipulation the parties recommended a one-year period of suspension, with all but five months stayed, so long as respondent successfully completed a twenty-four-month probation with the following conditions:

"a.    Comply with all terms of criminal probation in Douglas County, Colorado case number 19M2576.

"b.    Not engage in further violations of the Colorado Rules of Professional Conduct.

"c.    Abstain from alcohol and drugs, without a legal prescription. To ensure compliance, respondent agreed to the following conditions:

"d.    Submit to continuous alcohol monitoring via a SOBERLINK device;

"e.    Submit to random UA's; and

"f.    Sign monthly certifications that he had abstained from such substances.

"g.    Continue with professional counseling and treatment.

"14.    In the joint stipulation, the parties agreed that respondent had no prior instances of attorney discipline in Colorado.

6

"15.     On June 30, 2020, based on the joint stipulation, the Colorado Supreme Court, through the presiding disciplinary judge, ruled that respondent violated Colorado Rules of Professional Conduct Rule 8.4(b).

"16.     In the June 30, 2020, order, entitled, 'Order Approving Amended Conditional Admission of Misconduct and Imposing Sanctions under C.R.C.P. 251.22,' the parties' joint recommendation for attorney discipline was accepted and respondent was suspended for a one-year period, with all but five months stayed, so long as he successfully completed a twenty-four-month probation with the aforementioned conditions.

"17.     Colorado Rules of Professional Conduct 8.4(b) is identical to KRPC 8.4(b).

"18.     On April 1, 2021, the Missouri Office of Chief Disciplinary Counsel, through the Missouri Supreme Court, issued a written admonition to the respondent.

"19.     The written admonition contained the following material facts:

'[Missouri] Supreme Court Rule 4-8.4(b) identifies as professional misconduct commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects. In November of 2019, you entered into a plea of guilty to a charge of third-degree assault and received a deferred sentence. According to the pleadings, and your wife's statement, which you provided to us, you and your wife got into an argument on November 17, 2019, at your home in Colorado. You grabbed your wife's neck/sweatshirt and pushed her back causing her head to hit the wall. You subsequently entered into a stipulated discipline with the Colorado disciplinary authorities, whereby your Colorado license was suspended for one year, with seven of those

7

months stayed upon completion of a two-year period of probation. You have advised me that your Colorado license is 'fully reinstated,' . . . you meet with a counselor once a month, and provide breath samples twice a day via Soberlink. You have been on Inactive Status in Missouri since 2010.'

"20.    Respondent has had no prior instances of attorney discipline in Missouri.

"21.    Missouri Rules of Professional Conduct 8.4(b) is identical to KRPC 8.4(b).

"22.    Kansas Supreme Court Rule 221(c) (effective January 1, 2021, formerly Kan. S. Ct. R. 202) provides in material part:

> 'When the licensing authority for another jurisdiction disciplines an attorney for a violation of the rules governing the legal profession in that jurisdiction, for purpose of a disciplinary board proceeding under these rules the following provisions apply:
>
> . . . .
>
> '(2) If the determination of this violation was based on less than clear and convincing evidence, the determination is prima facie evidence of the commission of the conduct that formed the basis of the violation and raises a rebuttable presumption of the validity of the finding of misconduct. The respondent has the burden to disprove the finding in a disciplinary proceeding.'

8

"23.     Up to the date of this filing respondent has cooperated with the investigation in this disciplinary matter initially *pro se* and continued to cooperate by and through his counsel.

"*Conclusions of Law. Petitioner and Respondent stipulate and agree that Respondent violated the following Supreme Court Rules and Kansas Rules of Professional Conduct:*

"24.     KRPC 8.4(b) (Commit a Criminal Act)

"25.     Kansas Supreme Court Rule 221 (Discipline Imposed in Another Jurisdiction—Duty to Report.

"*Applicable Aggravating and Mitigating Circumstances:*

"26.     Respondent has been licensed as an attorney since 2007.

"27.     This is Respondent's first disciplinary offense.

"28.     Respondent has engaged in therapy, substance abuse treatment in order to address issues that led to this incident.

"29.     Respondent timely has taken steps to address issues that led to this incident.

"30.     Respondent has cooperated with the criminal and disciplinary process and has acknowledged his transgressions.

"31.     There is evidence of a mental impairment and/or alcohol abuse that Respondent timely addressed and has since demonstrated by a meaningful and sustained period of successful rehabilitation, and that these steps of recovery make it unlikely of the reoccurrence of similar misconduct.

9

"32.     Respondent has shown remorse for his actions that caused this complaint to be filed.

. . . .

"*Recommendations for Discipline:*

"35.     Petitioner and Respondent agree and acknowledge that the conduct involved in this matter occurred November 17, 2019, in Douglas County, Colorado, and it resulted in a misdemeanor conviction, with a period of probation.

"36.     Respondent successfully completed his misdemeanor probation through the court on November 18, 2020.

"37.     Respondent self-reported this conviction to the Colorado Office of Attorney Regulation Counsel. The Colorado Attorney regulation counsel reports that Respondent completed his period of suspension on January 1, 2021, and since then has begun his probation plan. Respondent has complied with the conditions of his probation plant to date, and his probation is set to expire on January 1, 2023.

. . . .

"*Additional Statements and Stipulations*

"40.     Petitioner and Respondent hereby waive hearing on the Formal Complaint as provided in Kansas Supreme Court Rule 222(c).

10

"41.     Petitioner and Respondent agree that no exceptions to the findings of fact and conclusions of law will be taken.

"42.     Respondent understands and agrees that pursuant to Supreme Court Rule 223(f), this Summary Submission Agreement is advisory only and does not prevent the Supreme Court from making its own conclusions regarding rule violations or imposing discipline greater or lesser than the parties' recommendation.

"43.     Respondent also understands and agrees that after entering into this Summary Submission Agreement, he will be required to appear before the Kansas Supreme Court for oral argument under Supreme Court Rule 228(i).

"44.     Petitioner and Respondent agree that the exchange and execution of copies of this Agreement by electronic transmission shall constitute effective execution and delivery of the Agreement and that copies may be used in lieu of the original and the signatures shall be deemed to be original signatures.

"45.     A copy of the Summary Submission will be provided to the Board Chair as required by Supreme Court Rule 223(e)."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the disciplinary panel's findings, and the parties' arguments to determine whether KRPC violations exist and, if they do, the appropriate discipline to impose. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see also Kansas Supreme Court Rule 226(a)(1)(A) (2022 Kan. S. Ct. R. at

11

281) (a misconduct finding must be established by clear and convincing evidence). "Clear and convincing evidence is 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009).

The Disciplinary Administrator provided Johnson with adequate notice of the formal complaint. The Disciplinary Administrator also provided Johnson with adequate notice of the hearing before the panel, but he waived that hearing after entering into the summary submission agreement. Under Rule 223, a summary submission agreement is

> "[a]n agreement between the disciplinary administrator and the respondent to proceed by summary submission must be in writing and contain the following:
>> (1) an admission that the respondent engaged in the misconduct;
>> (2) a stipulation as to the contents of the record, findings of fact, and conclusions of law—including each violation of the Kansas Rules of Professional Conduct, the Rules Relating to Discipline of Attorneys, or the attorney's oath of office;
>> (3) a recommendation for discipline;
>> (4) a waiver of the hearing on the formal complaint; and
>> (5) a statement by the parties that no exceptions to the findings of fact or conclusions of law will be taken." Rule 223(b) (2021 Kan. S. Ct. R. at 273).

The Kansas Board for Discipline of Attorneys approved the summary submission and canceled a hearing under Rule 223(e)(2). As a result, the factual findings in the summary submission are admitted. See Kansas Supreme Court Rule 228(g)(1) (2022 Kan. S. Ct. R. at 288) ("If the respondent files a statement . . . that the respondent will not file an exception . . . , the findings of fact and conclusions of law in the final hearing report will be deemed admitted by the respondent.").

12

When signed by the parties, the written summary submission agreement contained all the information required by Rule 223. The current version of Rule 223 also requires the summary submission to include any applicable aggravating and mitigating factors. See Rule 223(b)(2)(D) (2022 Kan. S. Ct. R. at 277). Here, the Office of the Disciplinary Administrator (ODA) and Johnson agreed to those factors, but the summary submission did not explain whether a factor should be considered an aggravator or a mitigator. At oral argument, the ODA clarified only the first listed factor was an aggravator and all others were mitigators. Johnson orally agreed with this categorization. The first factor specified that Johnson has been an attorney since 2007. The ODA explained an attorney with this level of experience would understand the ethical obligations. The mitigating circumstances included that this was Johnson's first disciplinary offense, he had completed therapy, he had taken steps to address the issues that led to the complaint, he had cooperated in the criminal and disciplinary process, he had presented evidence of a mental impairment or alcohol abuse he had timely addressed, and he had shown remorse.

The summary submission and the parties' stipulations before us establish by clear and convincing evidence the charged conduct violated KRPC 8.4(b) and Rule 221. We adopt the findings and conclusions set forth by the parties in the summary submission and at oral argument.

The remaining issue is deciding the appropriate discipline. The parties jointly recommend that he be censured by the Supreme Court and that censure be published in the Kansas Reports.

13

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that R. Jacob Johnson is censured in the state of Kansas, effective the date of this opinion, in accordance with Kansas Supreme Court Rule 225(a)(5) (2022 Kan. S. Ct. R. at 281) for violations of KRPC 8.4(b) and Rule 221.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to Johnson and that this opinion be published in the official Kansas Reports.